IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS S. TATE, #19060184,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No. 20-cv-01083-JPG |
| ) | |
| **RICH STEVENSON,** ) | |
| **KENNY BENZING,** ) | |
| **ALLISON ALEXANDER,** ) | |
| **and JOHN DOE,** ) | |
| ) | |
| **Defendants.** ) | |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Dennis Tate, a detainee at Marion County Law Enforcement Center ("Jail"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that he was denied a test for coronavirus and medical treatment for his knee injuries. (Doc. 1, pp. 8-9). He seeks monetary relief. (*Id*. at 7).

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed in favor of the *pro se* plaintiff at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 8-9): Plaintiff has suffered several strokes and has trouble balancing. On an undisclosed date, he slipped and fell in the Jail's shower. Plaintiff sustained injuries to both knees, but he was denied medical treatment for his injuries. He was also denied a [corona]virus test by the Jail's doctor. (*Id.*).

Based on the allegations in the Complaint, the Court finds it convenient to designate the following enumerated counts in this *pro se* action:

> **Count 1:** Defendants denied Plaintiff medical treatment for knee injuries he sustained by slipping and falling in the Jail's shower on an undisclosed date, in violation of his rights under the Eighth and/or Fourteenth Amendment(s).
>
> **Count 2:** Defendants denied Plaintiff a [corona]virus test on an undisclosed date, in violation of his rights under the Eighth and/or Fourteenth Amendment(s).

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[1]

## Discussion

The Complaint does not survive preliminary review under 28 U.S.C. § 1915A. Plaintiff names four defendants in the case caption of his Complaint, but he mentions none of them in the statement of his claim. The Court is unable to determine whether any of the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment (in the case of a convicted person) or his right to be free from all forms of punishment under the Fourteenth Amendment (in the case of a pretrial detainee). *See Hardeman v. Curran*, 933 F.3d 816, 821 (7th Cir. 2019); *Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018); *McCann v. Ogle Cty., Ill.*,

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

909 F.3d 881 (7th Cir. 2018) (articulating applicable legal standard for claims of unconstitutional conditions of confinement and denial of medical care brought by prisoners and pretrial detainees).

Section 1983 creates a cause of action based on personal liability and predicated upon fault. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Liability does not "attach unless the individual defendant caused or participated in a constitutional violation." *Id*. Therefore, Plaintiff must name the individuals who violated his constitutional rights as defendants in the case caption of the Complaint. Then, he must describe what each person did or failed to do in violation of his rights in the statement of his claim. Plaintiff need not set forth detailed allegations. He is only required to provide a brief description of each person's misconduct. *See* FED. R. CIV. P. 8(a)(2) (requiring a "short and plain statement" showing pleader is entitled to relief). Plaintiff has failed to do so in the Complaint.

For these reasons, the Complaint does not survive preliminary review and shall be dismissed without prejudice for failure to state a claim. Plaintiff will have an opportunity to file a First Amended Complaint, if he wishes to pursue his claims in this case. The Court reminds Plaintiff that a successful complaint generally alleges "the who, what, when, where, and how. . . ." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Thus, the First Amended Complaint should identify who violated Plaintiff's constitutional rights by name, if known, and should include a description of how Plaintiff's rights were violated. If Plaintiff does not know the names of these individuals, he can refer to them by Doe designation (*e.g.*, Dr. John Doe). Additionally, Plaintiff must name each defendant in the case caption and reference him/her in the body of the First Amended Complaint.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **GRANTED** leave to file a First Amended Complaint on or before **February 12, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering it void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. He should also list this case number on the first page (*i.e.*, Case No. 20-cv-1083-JPG). The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

The Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form for use in preparing the First Amended Complaint <u>and</u> a standard motion for recruitment of counsel for use in submitting a request for an attorney, if his efforts to locate one are unsuccessful.

**IT IS SO ORDERED.**

**DATED: 1/21/2021**

<u>s/J. Phil Gilbert</u><br>
**J. PHIL GILBERT**<br>
**United States District Judge**