IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DENNIS S. TATE, #19060184,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 20-cv-01083-JPG |
| | ) |
| **RICH STEVENSON,** | ) |
| **KENNY BENZING,** | ) |
| **ALLISON ALEXANDER,** | ) |
| **and JOHN DOE,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

On October 13, 2020, Plaintiff Dennis Tate filed this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims he was denied a test for suspected COVID-19 and denied medical care for a knee injury at Marion County Law Enforcement Center. (Doc. 1). He requested money damages. (*Id*. at 7).

The Complaint did not survive screening under 28 U.S.C. § 1915A, and the Court dismissed it without prejudice on January 21, 2021. (Doc. 8). Plaintiff was given an opportunity to amend the Complaint on or before February 12, 2021. (*Id*.). He was warned that failure to do so would result in dismissal of the action with prejudice and a "strike." (*Id*. at 4) (citing FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g)).

Plaintiff's deadline expired more than three weeks ago. He did not file a First Amended Complaint, and he also did not seek an extension of time for doing so. The Court will not allow this matter to linger indefinitely. This action shall be dismissed with prejudice for failure to

1

comply with the Court's Order (Doc. 8) to file a First Amended Complaint and/or to prosecute his claims.  FED. R. CIV. P. 41(b).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 8) to file a First Amended Complaint and/or prosecute his claims.  See FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Because the underlying Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).  He must list each of the issues he intends to appeal in the notice of appeal.  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 3/3/2021**                                  s/J. Phil Gilbert
                                                              **J. PHIL GILBERT**
                                                              **United States District Judge**